**In re JOHN P.**

**No. 82–271–Appeal.**

Supreme Court of Rhode Island.

April 28, 1983.

Michael McCarthy, Dept. for Children and Their Families, David Prior, Warwick, for petitioner.

Paul E. Gray, Providence, for respondent.

OPINION

PER CURIAM.

This case comes before us pursuant to an order directed to the mother of John to show cause why her appeal from a judgment of the Family Court terminating her parental rights should not be affirmed. The facts of the case pertinent to this appeal are as follows.

John had been previously found to be dependent and had been placed in the custody of the child welfare agency since October 1978. Since that time the child has been placed in one foster home. On May 19, 1981 the Department for Children and Their Families (DFC) filed a petition to terminate the parental rights of the mother. Thereafter, a justice of the Family Court appointed an attorney to act as a guardian ad litem for the mother and also appointed counsel to represent her. Prior to the assignment of the case for trial, the mother returned to her home in Hamilton, Ohio.

On two occasions the case was assigned for hearing, but the mother failed to appear. Finally, on January 28, 1982, when the mother did not appear for a scheduled hearing, her court-appointed counsel moved to withdraw and the mother was notified that trial was rescheduled for February 11, 1982, and that the motion to withdraw would be granted if the mother failed to appear on that date. On February 11, 1982 the mother did not appear. Hence the trial justice granted counsel's motion to withdraw, entered a default against the mother and allowed the state to proceed in the mother's absence.

During the course of the hearing the guardian ad litem was present, examined witnesses and took other steps to represent his absent ward. At the conclusion of the hearing the trial justice decided on the basis

of the evidence presented that the mother had been suffering from mental illness since an admission to the Institute of Mental Health on October 24, 1978. He described this mental illness as "a paranoid state with a reactive depression." He further found that although DCF had made reasonable efforts to bring about an adjustment between mother and child from the date of the initial placement, such efforts were unavailing because "the conduct and the condition of the respondent mother is not likely to change." He further found that the mother's mental illness

> "has been of such a duration and is such at the present time that it's improbable that she can care for the child in the foreseeable future or that her condition will change. Therefore, the Court finds the mother to be unfit by reason of the above concerns."

The trial justice went on to find that the child had established psychological bonding with the foster parents and that his physical, psychological and intellectual needs would be better served if the mother's rights were terminated at this time and he were allowed to remain permanently with the foster parents.

▮ After examining the briefs and the record in the case and hearing the arguments of counsel, we are of the opinion that the points raised by the mother in her appeal are without merit. Although her attorney was permitted to withdraw, we believe that she was adequately represented by her guardian ad litem during the course of the hearing before the Family Court. The trial justice acted with great care in the course of the hearing and in his analysis of the evidence.

▮ Although the mother through her guardian ad litem objects to the active role undertaken by the trial justice during the course of the hearing, we are of the opinion that such a role was justified by the posture in which the case was presented. Although a judge should not assume the role of advocate, it is the obligation of a justice of the Family Court, or of any court, to see that truth is as fully ascertained as circumstances permit. To this end, he or she may examine and ask questions about exhibits introduced into evidence and may ask the parties to produce further evidence if in his or her judgment such production is necessary in order to determine fully the facts relevant to the controversy.

▮ We believe that the trial justice acted properly in this case and that the evidence amply supports the findings of fact which he made and the conclusions of law which he reached.

For the reasons stated, the mother's appeal is denied and dismissed, the judgment of the Family Court terminating her parental rights is affirmed, and the papers in the case may be remanded to the Family Court.

BEVILACQUA, C.J., and SHEA, J., did not participate.